# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN D. KIDERLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1095 DJS |
| | ) | |
| ST. FRANCOIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Steven Kiderlen (registration no. 183427), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.17. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are St Francois County, the St. Francois County Sheriff's Department, and "Unknown # of Staff, Deputies, Jailers, U.S. Marshals." The complaint seeks injunctive and monetary relief.

Plaintiff alleges that in November 2007 he was detained at the St. Francois County Jail (the "Jail"). Plaintiff claims that while he was in his locked cell, a correctional officer ordered him to sit down. Plaintiff claims that he refused the order. After he refused the order, the correctional officer allegedly removed his can of mace from his belt and repeated the order. Plaintiff says that he continued to refuse the order, and the officer then sprayed plaintiff's face with mace.

Plaintiff claims that he was then left alone in his cell for about ten minutes. Plaintiff alleges that several officers then came and took him to the shower, where the mace was rinsed from his body. Plaintiff was then placed on "strip cell status for several days."

## Discussion

To state a claim against St. Francois County (the "County"), plaintiff must allege that a policy or custom of the County is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous as to the County.

Plaintiff's claim against the St. Francois County Sheriff's Department (the "Department") is legally frivolous because the Department is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently

specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "Unknown # of Staff, Deputies, Jailers, U.S. Marshals" to be ascertained after reasonable discovery. These particular "John Doe" defendants are both unidentified and indeterminate in number. This is not permissible. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __11th__ Day of August, 2008.

                                                /s/ Donald J. Stohr
                                                DONALD J. STOHR
                                                UNITED STATES DISTRICT JUDGE